## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUSTIN DOBLER, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 2022-CV- 2159 |
| | ) | |
| STATE OF KANSAS, | ) | |
| | ) | |
| HERMAN JONES, in his individual | ) | |
| capacity; | ) | |
| | ) | |
| JASON DEVORE, in his individual | ) | |
| capacity; | ) | |
| and | ) | |
| | ) | |
| JOE WITHAM, in his individual | ) | |
| capacity; | ) | |
| | ) | |
|       Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Justin Dobler, through counsel, Stephen D. Lanterman of the law firm of SLOAN, EISENBARTH, GLASSMAN, MCENTIRE & JARBOE, L.L.C., and for his claims against the Defendants, the Plaintiff alleges as follows:

## INTRODUCTION

This civil action is brought by Justin Dobler to obtain redress for his unlawful employment termination. The Plaintiff was employed by the State of Kansas Highway Patrol. While employed, the Plaintiff received complaints from female employees regarding the sexual harassment and gender discrimination acts they suffered within the Agency. The Plaintiff engaged in a protected

1

activity under Title VII by opposing those unlawful actions and his employer responded with retaliatory actions, which included termination. Additionally, Plaintiff exercised his right to free speech by publicly speaking out on matters of public concern. The Defendants violated the Plaintiff's First Amendment right to free speech by acts of retaliation and ultimately unlawful termination of his employment.

## PARTIES

1. Justin Dobler ("Dobler") is a Kansas resident.

2. Dobler was employed as a state trooper for the Kansas Highway Patrol from 2017 until July 19, 2021, when his employment was terminated.

3. Defendant State of Kansas is a proper defendant in this action because the Kansas Highway Patrol ("KHP") is a political subdivision of the State of Kansas with its headquarters' office located in Topeka, Kansas.

4. KHP is an employer with over 500 employees in the State of Kansas.

5. At the time of the Plaintiff's termination, Defendant Herman Jones was the Superintendent for the KHP; Plaintiff's allegations against him are in his individual capacity.

6. At the time of the Plaintiff's termination, Defendant Jason DeVore was the Assistant Superintendent for the KHP; Plaintiff's allegations against him are in his individual capacity.

7. At the time of the Plaintiff's termination, Defendant Joe Witham was a Captain for the KHP; Plaintiff's allegations against him are in his individual capacity.

## JURISDICTION

8. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question claims) and 42 U.S.C. § 2000e (Title VII claims).

9. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5 have been met, including: (i) charges of employment retaliation were filed with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission within 300 days of the commission of the unfair employment practices; (ii) Notification of Right to Sue was received from the EEOC; and (iii) this Complaint has been filed within 90 days of the receipt of the Notifications of Right to Sue. *See Letters Attached as Exhibits A and B*.

**VENUE**

10. Venue is proper in this district under 28 U.S.C. § 1391 (general venue) and 42 U.S.C § 2000e (Title VII claims).

**FACTUAL ALLEGATIONS**

11. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

12. Plaintiff Dobler was hired by KHP, as a Trooper, on or about July 10, 2017.

13. In April of 2019, Governor Laura Kelly appointed Herman Jones to the position of Superintendent of KHP.

14. The Superintendent position carries with it the rank of Colonel within KHP.

15. In May of 2019, Superintendent Col. Herman Jones selected Jason DeVore to the position of Assistant Superintendent of KHP.

16. The Assistant Superintendent position carries with it the rank of Lt. Colonel within KHP.

17. KHP Superintendent Col. Herman Jones and KHP Assistant Superintendent Lt. Col. Jason DeVore created and allowed a hostile work environment through sexual harassment and gender discrimination within KHP.

18. Dobler had personal knowledge of the hostile work environment through sexual harassment and gender discrimination, as female KHP employees relayed their complaints

to him.

19. Dobler acted in opposition of the hostile work environment of sexual harassment and gender discrimination actions within KHP.

20. Dobler, as a trooper within Troop B, reported to Captain Joe Witham within his employment duties, as part of his chain-of-command.

### Dobler Asserted His Free Speech Rights and Publicly Reported His Knowledge of KHP's Illegal Actions by Jones and DeVore

21. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

22. Dobler went outside KHP to speak out and report the hostile work environment of sexual harassment and gender discrimination actions within KHP.

23. On multiple occasions, Dobler spoke with Representative Stephen Owens in an effort to inform him of the female KHP employees' complaints of discrimination and harassment; to seek guidance regarding his assistance with their complaints; and to inform him of the low morale within KHP itself.

24. Dobler's conversations with Rep. Owens was in Dobler's personal capacity, outside the scope of his employment with KHP, to inform him of information relating to public interest, and to ultimately improve the working environment with KHP.

25. On multiple occasions, Dobler also spoke with Bryan Clark, President of the Kansas State Troopers Association in an effort to inform him of the female KHP employees' complaints of discrimination and harassment; and to inform him of the low morale within KHP.

26. Dobler's conversations with Bryan Clark were in Dobler's personal capacity, outside the scope of his employment with KHP, to inform him of information relating to public interest, and ultimately improve the working environment with KHP.

27. On multiple occasions, Dobler on his personal Facebook account posted links to news

media stories regarding the female KHP employees and their complaints of sexual harassment and gender discrimination.

28. On multiple occasions, Dobler on his personal Facebook account posted comments of support of the female KHP employees and their complaints of sexual harassment and gender discrimination.

29. Dobler's Facebook posts were in Dobler's personal capacity, outside the scope of his employment with KHP, to inform the public on information relating to public interest, and to ultimately improve the working environment with KHP.

### Dobler Suffered Retaliation for Acting in Opposition of the Hostile Work Environment of Sexual Harassment and Gender Discrimination Within KHP

30. On October 15, 2020, Dobler met in-person with Capt. Witham.

31. During this meeting, Capt. Witham told Dobler that he was his only ally in the agency.

32. During this meeting, Dobler spoke out to Capt. Witham about employee morale problems within KHP.

33. During this meeting, Capt. Witham asked Dobler to enlighten him about what Headquarters had done to create a morale problem at KHP.

34. Dobler stated to Capt. Witham that KHP has women who are shunned while specifically identifying two female troopers at Troop B.

35. Dobler stated to Capt. Witham that the discrimination against females within KHP was not just a Troop B issue because it was agency wide.

36. Capt. Witham told Dobler to "stop with the drama" and that if there was an issue with female troopers, it was "up to them to step up" and that it was not Dobler's job to do that.

37. Capt. Witham stated it was not his responsibility to correct Col. Jones's behavior, nor was it Dobler's.

38. Capt. Witham told Dobler he would not allow him to spread gossip about KHP.

39. Capt. Witham told Dobler that "what Herman Jones does, or the man he is, is Herman Jones. Let Headquarters deal with that. Let the legislators deal with that."

40. Capt. Witham asked Dobler "have I been clear?"

41. Capt. Witham then dismissed Dobler from his office.

42. On October 16, 2020, Capt. Witham sent an email, cc'd to Major Eric Sauer and Lt. Bryce Whelpley, to Plaintiff.

43. The email stated that it was a follow up to the conversation the previous day between Capt. Witham and Plaintiff.

44. Within the email, Capt. Witham called Plaintiff a "'pot stirrer'" and that it has been his "experience with 'pot stirrers' that they seek attention."

45. Capt. Witham's email then stated "you have now earned my full attention."

46. Capt. Witham's email stated that Plaintiff works for Troop B and that "what happens, or what you perceive happens at GHQ [KHP General Headquarters] is GHQ's business."

47. On October 15, 2020, Plaintiff shared a link on Facebook from KMBC.com's story "Female troopers allege harassment, intimidation inside the Kansas Highway Patrol."

48. Plaintiff titled his posted Facebook share of the link with "As a father to a beautiful little girl, this scares me. I stand with you! Stay strong ladies."

49. On or about November 20, 2020, Plaintiff received a written corrective action (HP142) for items that were not violations of policy.

50. On December 6, 2020, Plaintiff shared on his personal Facebook account a news media link from KSNT.com's story "KHP Superintendent faces federal lawsuit over accused retaliation in summer harassment claims."

51. Plaintiff titled his posted Facebook share of the link with the following:

"If you don't know me, I am very out spoken. Shocker, right? There are very few, let me say that again, VERY FEW, within the Highway Patrol who will be vocal about

6

the horrible issues going on right now. Why? Prime example of these two OUTSTANDING folks. How do I know? Because I am there. I feel the pain, see the pain, see the fear. This is real. This isn't fake news. I constantly deal with the messages/conversations of the co-workers about the negativity/hostile/horrible work environment we live in. This affects more than any of you will ever realize. I use to think all my co-workers were/are cowards for not saying anything publicly. Can I fault them? Absolutely not. Why? Because you will just become another Josh and Scott. It's embarrassing what this world has become."

52. The December 6, 2020, posted story link involved a media report of the lawsuits filed by Majors Scott Harrington and Joshua Kellerman alleging their July 2020 terminations from KHP were completed as retaliation for the Majors' actions in opposition of the hostile work environment of sexual harassment and gender discrimination actions within KHP.

53. On or about December 18, 2020, Dobler was verbally counseled by Capt. Witham that there were things being posted to Facebook by Dobler that are drawing unwanted attention.

54. Dobler was told that his Facebook posts had the attention of Headquarters and that Headquarters sent the posts to Capt. Witham to put a stop to it.

55. Capt. Witham told Dobler that Headquarters was monitoring his Facebook posts and they were "of the opinion that they would give him enough rope to hang himself."

56. Capt. Witham told Dobler he was making it difficult to protect him.

57. Capt. Witham told Dobler he could respect the fact that he was standing up for his fellow troopers, but he could not do so on Facebook.

58. On March 6, 2021, Dobler was involved in a pursuit and ultimately performed a Tactical Vehicle Intervention technique on a fleeing vehicle.

59. Lt. Whelpley, Dobler's direct supervisor, reviewed the March 6, 2021, pursuit and found no violations of KHP policy.

60. Capt. Witham reviewed the March 6, 2021, pursuit, agreed with Lt. Whelpley, and found no violations of KHP policy.

61. After Capt. Witham submitted his letter of review to the Executive Command, he was

contacted by Executive Command and was told to meet with them to discuss the review.

62. After Capt. Witham met with Executive Command, he changed his review to recommend an 80-hour suspension for a violation of a pursuit policy.

63. Capt. Witham then ordered Lt. Whelpley to change his review and find policy violations.

64. Capt. Witham told Lt. Whelpley that if he did not follow that order he would no longer be a Troop B Lieutenant anymore.

65. Lt. Whelpley's second review recommended a 3-day suspension for a violation of a pursuit policy.

66. The wording of Lt. Whelpley's second review was authored as directed to him by Capt. Witham.

### The Employment Retaliation Against Dobler Ultimately Results in Termination

67. On or about July 8, 2021, Capt. Witham hand delivered a Proposed Dismissal Letter to Dobler.

68. The July 8, 2021, letter notified Dobler that Col. Jones had proposed to dismiss his employment as a Trooper with KHP effective July 19, 2021.

69. The July 8, 2021, letter immediately relieved Dobler of duty and placed him on administrative leave with pay.

70. The July 8, 2021, letter stated that the proposed action of dismissal is based on an incident Dobler was involved in occurring on March 6, 2021, when Dobler performed a Tactical Vehicle Intervention technique on a fleeing vehicle.

71. Dobler then received a letter from Col. Jones, dated July 19, 2021, notifying him of his dismissal from his employment as a Trooper with KHP.

72. Prior to his termination, Dobler had received no disciplinary actions against him at KHP.

### COUNT I: VIOLATION OF TITLE VII
### RETALIATION
### (Alleged against State of Kansas)

73. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

74. At all times relevant, Defendant State of Kansas was an employer within the meaning of Title VII of the Civil Rights Act of 1964.

75. Dobler received complaints made by female KHP employees regarding their events of sexual harassment and gender discrimination by KHP employees.

76. Dobler opposed the unlawful discrimination and/or harassment by discussing the unlawful actions with others, including: Current KHP employees, former KHP employees, a member of the Kansas State Legislature, and the Kansas State Troopers Association.

77. By opposing unlawful discrimination or harassment against female employees by Defendants, its employees or agents, Dobler was engaged in protected activity under Title VII.

78. Defendants knew Dobler exercised his civil rights and engaged in protected activity because Dobler had made complaints to KHP supervisors, as well as the public, in objection to Defendants' harassment or discrimination against female employees.

79. Defendants took adverse employment actions against Dobler, including retaliation; denial of opportunities; unwarranted disciplines; and termination.

80. Dobler's exercise of his civil rights, as alleged in this Complaint, was a direct and proximate cause of Defendants' adverse employment actions.

81. As a result of Defendants' unlawful termination, Dobler has suffered damages.

## COUNT II: 42 U.S.C. § 1983
### First Amendment Violations
### (Alleged against Jones, DeVore, and Witham)

82. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

83. The First Amendment of the United States Constitution guarantees Plaintiff the right to freedom of speech. Plaintiff's right to free speech is further protected by 42 U.S.C. § 1983, which imposes liability on any person acting under color of state law who deprives Plaintiff of his right of free speech.

84. Plaintiff Dobler exercised his right of free speech by speaking out on matters of public concern. Specifically, Dobler disclosed information regarding seemingly illegal actions by State of Kansas employees, Superintendent Col. Herman Jones, and Assistant Superintendent Lt. Col. Jason DeVore.

85. Defendants knew Dobler exercised his civil rights by discussing the illegal activities of Col. Jones, Lt. Col. DeVore, and other KHP employees with others, such as: a member of the Kansas State Legislature, former KHP employees, current KHP employees, and personal friends.

86. Furthermore, Dobler was acting as a member of the public speaking on a matter of public concern outside the scope of his official job duties.

87. Defendants, acting under color of state law, violated Plaintiff's First Amendment right to free speech by retaliating and ultimately terminating his employment for exercising his right.

88. Defendants' interests in promoting the efficiency of the public service do not outweigh Plaintiff's interests in free speech.

89. Plaintiff's free speech was a motivating factor in Defendants' decision to terminate

10

Plaintiff.

90. Defendants' actions against Plaintiff were done willfully or maliciously; intentionally and in gross disregard of the Plaintiff's constitutional rights; and/or in reckless disregard of the Plaintiff's constitutional rights.

91. Plaintiff has suffered damages of economic loss in addition to other non-economic damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor on all claims asserted and against the Defendants for economic damages, compensatory damages, punitive damages, reasonable attorney's fees and costs incurred, for pre and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

SLOAN, EISENBARTH, GLASSMAN,
 MCENTIRE & JARBOE, L.L.C.
534 S. Kansas Avenue, Suite 1000
Topeka, KS 66603
Office: (785) 357-6311
Fax:     (785) 357-0152
By: s/ *Stephen D. Lanterman*
Stephen D. Lanterman, KS #18844
slanterman@sloanlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all triable claims.

                Respectfully submitted,

                SLOAN, EISENBARTH, GLASSMAN,
                 MCENTIRE & JARBOE, L.L.C.
                534 S. Kansas Avenue, Suite 1000
                Topeka, KS 66603
                Office: (785) 357-6311
                Fax:     (785) 357-0152
             By: s/ *Stephen D. Lanterman*
                Stephen D. Lanterman, KS #18844
                slanterman@sloanlawfirm.com
                **ATTORNEYS FOR PLAINTIFF**

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates and requests that trial take place in Kansas City, Kansas.

                Respectfully submitted,

                SLOAN, EISENBARTH, GLASSMAN,
                 MCENTIRE & JARBOE, L.L.C.
                534 S. Kansas Avenue, Suite 1000
                Topeka, KS 66603
                Office: (785) 357-6311
                Fax:     (785) 357-0152
             By: s/ *Stephen D. Lanterman*
                Stephen D. Lanterman, KS #18844
                slanterman@sloanlawfirm.com
                **ATTORNEYS FOR PLAINTIFF**



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

January 28, 2022

Mr. Justin Dobler
c/o Kelly J. Trussell, Esquire
Law Offices of Sloan, Eisenbarth, et al.
534 S. Kansas Ave.
Suite 1000
Topeka, KS  66603

Re:  EEOC Charge Against State of Kansas, Kansas Highway Patrol
     No. 563202102346

Dear Mr. Dobler:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Kansas City Area Office, Kansas City, KS.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Kristen Clarke
                                        Assistant Attorney General
                                        Civil Rights Division

                                  by       /s/ Karen L. Ferguson
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section

cc: Kansas City Area Office, EEOC
    State of Kansas, Kansas Highway Patrol

Exhibit A



U.S. Department of Justice
Civil Rights Division

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

January 28, 2022

Mr. Justin Dobler
c/o Kelly J. Trussell, Esquire
Law Offices of Sloan, Eisenbarth, et al.
534 S. Kansas Ave.
Suite 1000
Topeka, KS  66603

Re:  EEOC Charge Against State of Kansas, Kansas Highway Patrol
       No. 563202102347

Dear Mr. Dobler:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Kansas City Area Office, Kansas City, KS.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                          Sincerely,

                                          Kristen Clarke
                                          Assistant Attorney General
                                          Civil Rights Division

                                   by      /s/ Karen L. Ferguson
                                          Karen L. Ferguson
                                          Supervisory Civil Rights Analyst
                                          Employment Litigation Section

cc: Kansas City Area Office, EEOC
   State of Kansas, Kansas Highway Patrol

Exhibit B